1

2

3

4    UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6    JEFFREY R. MCKEE,

7                        Plaintiff,                    CASE NO. C12-5125 RJB/KLS

8            v.                                        **REPORT AND
RECOMMENDATION
NOTED FOR:  AUGUST 31, 2012**

9    ROB MCKENNA, TIMOTHY LANG,
SARA DI VITTORIO, AMANDA
10   MIGCHELBRINK, ELDON VAIL, DAN
PACHOLKE, DEVON SCHRUM, PAT
11   GLEBE, KERRY ARLOW, CHARLES L
JONES, DENNIS DAHNE, DONALD
12   BLOOMBERG, DENNIS CHERRY,
GREGORY F JONES, NORMAN
13   GOODENOUGH, SHANE M. REVEL,
POE, ABRAM CLARK, KEVEN
14   SWOPE, TODD E. GOODWIN,
TIMOTHY McCANDLES, RICHARD
15   BARRETT, TODD,

16                        Defendants.

17          Before the Court is Defendants' Motion for Summary Judgment.  ECF No. 35.  Having

18   reviewed Defendants' motion, Plaintiff's response (ECF No. 36), and Defendants' reply, and the

19   remaining record, the undersigned submits the following report and recommendation for the

20   Court's review.

21          Defendants also filed a motion to stay discovery within their motion for summary

22   judgment.  ECF No. 35.  That motion was granted under separate Order.  Following the parties'

23   briefing on Defendants' motion for summary judgment, Plaintiff filed a letter with the Court,

24   with a copy to Defendants' counsel.  Plaintiff filed the same letter in six other cases that he is

1   also litigating.  He complains of difficulties in accessing the law library.  ECF No. 38.  However,

2   he makes no complaint particular to his ability to respond appropriately in this case and has not

3   asked the Court for relief.  As the parties have had ample opportunity to brief the issues

4   presented in Defendants' motion for summary judgment, the Court has taken no action on the

5   letter.

6                                                   **BACKGROUND**

7          Plaintiff Jeffrey R. McKee is an inmate in the custody of the Washington State

8   Department of Corrections (Department).  Plaintiff is housed at the Coyote Ridge Corrections

9   Center (CRCC).  Plaintiff alleges violations of due process, access to courts, retaliation, and state

10  tort actions of conversion and negligence.  Plaintiff seeks compensatory and punitive damages,

11  declaratory and injunctive relief, costs, and attorney's fees.

12         Defendants argue that the majority of Plaintiff's claims should be dismissed because

13  those claims were the subject of a release and settlement agreement in another case.  Defendants

14  also argue that Plaintiff's remaining two claims, which stem from a January 22, 2009 infraction,

15  are barred by the statute of limitations.

16                                           **STATEMENT OF FACTS**

17         On May 5, 2009, Mr. McKee filed a civil rights action against Department employees

18  alleging various violations of his civil rights.  *See McKee v. Taylor, et al.,* USDC Western

19  District Cause No. C09-5207 RJB/JRC.  His original complaint was dismissed without leave to

20  amend and he appealed.  (ECF Nos. 41, 49 and 54 therein).  The Ninth Circuit vacated the

21  dismissal and remanded to the District Court to provide Plaintiff an opportunity to file an

22  amended complaint.  *Id*. at 61, 62.  Mr. McKee requested and was provided extensions of time

23  to file an amended complaint.  *Id*. at 66, 70.  Plaintiff filed the second amended complaint on

24  July 5, 2011, which was outside of the court approved timeframe.  *Id*. at 74.  A day later, the

1   Court denied his latest motion for extension of time to file an amended complaint.  *Id*. at 75.  The

2   Court took no action on the amended complaint nor did it strike it from the docket.  *Id.*

3       In his second amended complaint, Mr. McKee raised new claims and named additional

4   defendants.  ECF No. 35-1 (Declaration of Cassie B. Vanroojen, Counsel for Defendants,

5   Attachment A (Complaint in Case No. C09-5207-RJB-JRC) (hereinafter 2009 Complaint)).  On

6   August 13, 2011 and August 19, 2011, Mr. McKee and his attorney Michael G. Brannan,

7   respectively, signed a Settlement Agreement and Release, in exchange for which Mr. McKee

8   received payment.  The Settlement Agreement and Release stated that Mr. McKee was releasing

9   "any and all existing and future claims… of any nature arising out of the incidents described in

10  the complaints [in full and final settlement of three lawsuits, including the 2009 action]."  *Id.*

11  (Attachment B (Cause No. C09-5207-RJB-JRC Settlement Agreement and Release).

12      In this action, Mr. McKee sues numerous Department and Attorney General's Office

13  (AGO) employees for violations of due process, access to courts, retaliation, and state tort

14  actions of conversion and negligence.  ECF No. 6.  Mr. McKee alleges that these violations arose

15  from:  (1) a March 23, 2009 cell search and following infraction Plaintiff received for possessing

16  a declaration from inmate Masse; (2) a March 2009 infraction Plaintiff received for assisting

17  inmate Givens in writing a grievance; (3) an April 7, 2009 infraction Plaintiff received for

18  writing threatening kites to Department employees; (4) Plaintiff's April 2009 transfer from

19  Stafford Creek Corrections Center (SCCC) to Airway Heights Corrections Center (AHCC) and

20  the transfer of his property between these facilities; and (5) a January 22, 2009 infraction

21  Plaintiff received for serving Defendant McCandless.  *Id.*  All of these events, except for the

22  McCandless claims, arise out of the same events described in the 2009 Complaint.

23

24

1        (1)      March 23, 2009 Cell Search

2        Plaintiff claims constitutional violations based on a March 23, 2009, search of his cell

3   and a resulting infraction.  ECF No. 6, pp. 6-9, 20. On March 23, 2009, Plaintiff's cell was

4   searched and a declaration by inmate Toby Masse was confiscated as unauthorized legal

5   materials.  Plaintiff was infracted for possessing these unauthorized materials.  Plaintiff claims

6   that this infraction was in retaliation for his grievance and litigation activities and that the

7   infraction hearing violated his due process rights.  *Id.* at 20.

8        Plaintiff raised issues regarding this incident in his 2009 Complaint.  In the 2009

9   complaint, he alleged this cell search and the resulting infraction were in retaliation for the

10  exercise of his First Amendment rights.  *See* 2009 Complaint - ECF No. 35-1, pp. 11-13.

11       (2)      Grievance Against Inmate Givens

12       Plaintiff also alleges constitutional violations based on an infraction he received for

13  allegedly typing a grievance for inmate Givens.  ECF No. 6, pp. 9-10, 20-21. This infraction was

14  later dismissed, but Plaintiff alleges that he was infracted in retaliation for his grievance and

15  litigation activities. *Id.*

16       Plaintiff raised claims arising out of these same facts in his 2009 Complaint, in which he

17  claimed this infraction was issued in retaliation for exercising his First Amendment rights and in

18  conspiracy to deprive him of his typewriter.  *See* 2009 Complaint - ECF No. 35-1, pp. 9-10.

19       (3)      Denial of Legal Copies

20       Plaintiff's complaint alleges further constitutional claims arising from the alleged denial

21  of requested legal copies.  ECF No. 6, pp. 11-12, 21. On April 7, 2009, Plaintiff was cited with

22  infractions for "strong arming" and "intimidation," though both infractions were later dismissed.

23  Plaintiff alleges that these infractions were issued in retaliation for his grievance and litigation

24  activities.  *Id.* at 21.

1    In his 2009 complaint, Plaintiff addressed these very same events and alleged that these

2    infractions were issued in retaliation for his filing grievances and lawsuits.  *See* 2009 Complaint -

3    ECF No. 35-1, p. 15.

4          (4)     Placement in Segregation, Transfer, and Shipment of Property

5          Plaintiff's current complaint raises a number of constitutional violations and tort claims

6    based on his April 2009 placement in administrative segregation, his subsequent transfer from

7    SCCC to AHCC, and the shipment of his property from SCCC to AHCC.  ECF No. 6, pp. 12-18,

8    21-22.  Plaintiff claims that his placement in pre-transfer segregation, transfer from SCCC to

9    AHCC, and the delay in shipment of his legal and personal property were in retaliation for his

10   grievance and litigation activities.  *Id*. at 21.  Plaintiff further alleges that the "misdirection,"

11   "silent withholding", and taking of his legal property violated his First Amendment right to

12   access to courts.  *Id*.  Lastly, Plaintiff alleges that these events also rise to the level of state tort

13   actions of negligence and conversion.  *Id*. at 22.

14         These issues were also addressed in his 2009 complaint where he alleged that his

15   placement in administrative segregation and transfer from SCCC to AHCC were retaliatory.

16   2009 Complaint at 12-14, 15.  Plaintiff's 2009 complaint also addressed the transport of his

17   property in which he alleged that the Department's handling of his property was deficient.  *See*

18   2009 Complaint - ECF No. 35-1, pp. 15-20.

19         (5)     McCandless Retaliation/Due Process Violations

20         Plaintiff further alleges retaliation and violations of due process based on a January 22,

21   2009 infraction he received for serving legal notice on Defendant McCandless.  ECF No. 6, pp.

22   5-6, 19.  Plaintiff alleges that this infraction was in retaliation for his grievance and litigation

23   behavior and that he did not receive the requisite due process at his infraction hearing.  *Id*. at 19.

24   Although Plaintiff fails to include this date in his Complaint, Department records show that

1  Plaintiff received an infraction on January 22, 2009, for attempting to effect legal service on

2  Defendant McCandless.   ECF No. 35-1 (Declaration of Sheri Izatt).

3       Plaintiff appealed this infraction and it was affirmed on February 5, 2011.  ECF No. 37,

4  Exhibit 1 (Declaration of Stella Jennings), Attachment A (OMNI View Full Hearing and Appeal

5  Information Screen).

6                              **STANDARD OF REVIEW**

7       The Court shall grant summary judgment if the movant shows that there is no genuine

8  dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R.

9  Civ. P. 56(a).  The moving party has the initial burden of production to demonstrate the absence

10 of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d

11 1070, 1076 (9th Cir. 2001) (en banc).  To carry this burden, the moving party need not introduce

12 any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the

13 absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato*

14 *Johnson*, 212 F.3d 528, 532 (9th Cir.2000).  A nonmoving party's failure to comply with local

15 rules in opposing a motion for summary judgment does not relieve the moving party of its

16 affirmative duty to demonstrate entitlement to judgment as a matter of law.  *Martinez v.*

17 *Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

18      "If the moving party shows the absence of a genuine issue of material fact, the non-

19 moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine

20 issue for trial."  *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex*

21 *Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)).  The non-

22 moving party may not rely upon mere allegations or denials in the pleadings but must set forth

23 specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*,

24 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).  A plaintiff must "produce at least

1   some significant probative evidence tending to support" the allegations in the complaint.  *Smolen*

2   *v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).  A court "need not examine the

3   entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in

4   the opposing papers with adequate references so that it could conveniently be found."  *Carmen v.*

5   *San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001).  This is true even

6   when a party appears *pro se*.  *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

7       Where the nonmoving party is *pro se*, a court must consider as evidence in opposition to

8   summary judgment all contentions "offered in motions and pleadings, where such contentions

9   are based on personal knowledge and set forth facts that would be admissible in evidence, and

10  where [the party appearing pro se] attested under penalty of perjury that the contents of the

11  motions or pleadings are true and correct."  *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004)

12  (citation omitted), *cert. denied*, 546 U.S. 820, 126 S. Ct. 351, 163 L.Ed.2d 61 (2005).

13                              **DISCUSSION**

14  **A.      Release Agreement -- Case No. C09-5207 RJB/JRC**

15      A release terminates legal liability between the releasor and the releasee.  The

16  interpretation and validity of a release of federal claims is governed by federal law.  *See Jones v*

17  *Taber,* 648 F.2d 1201, 1203 (9th Cir. 1981); *Stroman v. West Coast Grocery Co.,* 884 F.2d 458,

18  461 (9th Cir. 1989).  Moreover, "an agreement need not specifically recite the particular claims

19  waived in order to be effective."  *Stroman*, 884 F.2d at 461.   The *Jones* and *Stroman* courts use

20  the terms "release" and "waiver" interchangeably as it relates to the release of federal rights.  *See*

21  *Jones v. Taber,* 648 F.2d 1201, 1203-4 (9th Cir. 1981) ("the necessary criteria of validity for a

22  section 1983 *release…"* and "[i]n the context of section 1983 *waivers…*"); *See also*, *Stroman v.*

23  *West Coast Grocery Co.,* 844 F.2d 458, 461 (9th Cir. 1989) ( "'A *release* of Title VII claims…'"

24  and "[w]e nevertheless must closely scrutinize a *waiver* of rights under Title VII…")

A release of claims for violations of civil and constitutional rights must be voluntary, deliberate, and informed. *Jones,* 648 F.2d at 1203. Additionally, under federal law, a valid release must be supported by consideration. *Maynard v. Durham & Southern Ry. Co.,* 365 U.S. 160, 162-163 (1961); *Paccon, Inc. v. United States,* 399 F.2d 162, 172 (Ct. Cl. 1968). A party seeking to rely on a release in a § 1983 action has the burden of proving its validity. *Jones,* 648 F.2d at 1203-04.

**(1)     Terms of Settlement And Release Agreement**

The settlement and release agreement executed in *McKee v. Taylor, et al.,* USDC Western District Cause No. C09-5207-RJB-JRC contains the following pertinent language:

> Mr. McKee… does hereby release the State of Washington, its officers, agents, employees, agencies, and departments for any and all existing and future claims, damages and causes of action of any nature arising out of the incidents described in the complaints filed in [Cause No. 3:09-CV-5207-RJB/JRC (W.D. Wash.)].

ECF No. 35-1 (Vanroojen Decl.), Exhibit 1, Attachment B.

Except for two claims relating to the McCandless grievance, Plaintiff's claims in this matter stem from the same incidents described and released in his 2009 Complaint: (1) a March 23, 2009 cell search and following infraction Plaintiff received for possessing a declaration from inmate Masse; (2) a March 2009 infraction Plaintiff received for assisting inmate Givens in writing a grievance; (3) an April 7, 2009 infraction Plaintiff received for writing threatening kites to Department employees; (4) Plaintiff's April 2009 transfer from Stafford Creek Corrections Center (SCCC) to Airway Heights Corrections Center (AHCC) and the transfer of his property between these facilities. *See* ECF No. 35-1 (Vanroojen Decl.), Exhibit 1, Attachment A. Although Plaintiff sets forth his claims differently, the facts at the heart of these claims and of those in his 2009 Complaint are the same regardless of the addition or omission of defendants, the detail in which he outlines each incident, and the legal basis for the claims he asserts.

1    Mr. McKee argues that his claims are not barred because he never filed his 2009

2    Complaint.  However, the docket in the 2009 action reflects that after he appealed dismissal of

3    his original complaint, the Ninth Circuit vacated the dismissal and remanded his case to the

4    District Court for the very purpose of filing an amended complaint.  Mr. McKee asked for and

5    received extensions of time to file an amended complaint and did so on July 5, 2011.  ECF No.

6    74.  Mr. McKee and his counsel signed the Settlement Agreement and Release on August 13,

7    2011 and August 19, 2011, respectively.

8    The 2009 Complaint was filed with the Court.  It appears on the Court's docket and under

9    the "date filed" column, it notes 07/05/2011.  When printed from the docket, the complaint has a

10   header that indicates "filed 07/05/11."  *See* Docket in *McKee v. Taylor, et al*., Case No. C09-

11   5207 RJB/JRC.  In addition, Mr. McKee was not required to seek permission to file his

12   complaint under Fed. R. Civ. P. 15 as his case was remanded for that purpose.

13   The operative language in the settlement and release agreement covers "incidents

14   described in the *complaints filed* in actions referenced above," including the claims in the 2009

15   Complaint.

16   **2.    Validity of 2009 Release**

17   To determine the validity of a release, courts examine the totality of the circumstances

18   surrounding plaintiff's execution of the release.  *Stroman*, 884 F.2d at 462.  A release of claims

19   for violations of civil and constitutional rights must be voluntary, deliberate, and informed.

20   *Jones,* F.2d at 1203.  "In the Ninth Circuit, there are four key factors that the court considers in

21   making this calculation: (1) the clarity and lack of ambiguity of the agreement; (2) the plaintiff's

22   education and business experience; (3) the presence of a non-coercive atmosphere for the

23   execution of the release; and (4) whether the [plaintiff] had the benefit of legal counsel."

24   *Stroman,* 884 F.2d 462 (citations omitted).

1       Mr. McKee and his attorney, Michael Brannan, signed the settlement agreement on

2   August 15, 2011, and August 19, 2011, respectively.  ECF No. 35-1, Exhibit 1 (Vanroojen

3   Decl.), Attachment B.  The agreement is less than two pages and unambiguously sets out the

4   claims that Mr. McKee was releasing. *See id.* at 2.  The release portion of the agreement is one

5   paragraph and contains the following language:

6           "Mr. McKee… does hereby release and forever discharge the State of
            Washington, its officers, agents, employees, agencies, and departments of all
7           existing and future claims, damages and causes of action of any nature arising out
            of the incidents described in the complaints filed in the actions referenced above.
8           This agreement is the final, conclusive, and complete release of liability for all
            known, as well as unknown claims for recovery of any sort arising out of the
9           incidents at issue in the complaints."

10  *Id*.  The release concludes "Mr. McKee agrees and covenants not to sue the State of Washington,

11  or its agencies, employees and officials over the claims concluded by this agreement."  The

12  language of this release unambiguously indicates that Mr. McKee released the State, its agencies,

13  and employees from all claims arising out the events described in Mr. McKee's complaints.

14      Mr. McKee was represented by counsel Michael G. Brannan in settlement.  *Id.*  In

15  addition Mr. McKee is no stranger to litigation.  These are indications that his release was

16  voluntary, deliberate and informed.  Moreover, Mr. McKee does not suggest, nor is there any

17  evidence to suggest, that his signing of the release was a product of coercion or executed in a

18  coercive atmosphere.  Finally, Mr. McKee's release was supported by consideration.  *Id.*

19      The undersigned concludes that the terms of the 2009 settlement and release agreement

20  bar all claims relating to the following issues raised in this lawsuit:  (1) the March 23, 2009 cell

21  search and infraction received for Tobey Masse's declaration; (2) the March 2009 infraction

22  issued for typing a grievance for Mr. Givens; (3) the April 2009 infraction issued for legal copy

23  emergency grievances; and (4) the April 2009 segregation, transfer from SCCC to AHCC, and

24

REPORT AND RECOMMENDATION - 10

1  the transport of property.  The evidence further reflects that Mr. McKee's release of claims was

2  voluntary, deliberate, informed and supported by consideration.

3          Accordingly, Defendants are entitled to summary judgment on these claims.

4  **B.      Timeliness of McCandless Claims**

5          The remainder of Mr. McKee's claims arise from a January 22, 2009 infraction he

6  received for serving legal notice on Defendant McCandless.  He alleges that this infraction was

7  in retaliation for his grievance and litigation behavior and that he did not receive due process at

8  his infraction hearing.  ECF No. 6, at 19.  Defendants argue that these claims are barred by the

9  three year statute of limitations.

10         Federal courts apply the forum state's personal injury statute of limitations to §1983

11 claims.  *See Wilson v. Garcia*, 471 U.S.261, 276 (1985).  A three year statute of limitations

12 applies in Washington.  RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045,

13 1058 (9th Cir. 2002).  A § 1983 action accrues and the statute of limitations begins to run when a

14 plaintiff knows or has reason to know of the injury which is the basis of his or her action.  *Bagley*

15 *v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).   The statute of limitations is tolled

16 while an inmate engages in the process of exhausting his administrative remedies.  *Brown v.*

17 *Valoff*, 422 F.3d 926, 942–43 (9th Cir.2005) ("We do not regard the intersection of the

18 exhaustion and statute of limitations requirements as creating a problem for prisoners, however,

19 as we agree with the uniform holdings of the circuits that have considered the question that the

20 applicable statute of limitations must be tolled while a prisoner completes the mandatory

21 exhaustion process.")

22         For statute of limitations purposes, a pro se section 1983 complaint is deemed filed the

23 moment the prisoner delivers it to prison authorities for mailing.  *Douglas v. Noelle*, 567 F.3d

24 1103, 1009 (9th Cir.2009) (*citing Houston v. Lack*, 487 U.S. 266, 276 (1988)).  As a matter of

1    equity, Courts will toll the statute of limitations where the Plaintiff's *informa pauperis* motion is

2    under consideration.  *See, e.g., Westfield v. Rhodes-Perdue Furniture Co. of Greensboro, N.C.,*

3    *Inc.*, 109 F.R.D. 106 (W.D.N.C.1985).

4           With the foregoing principles in mind, the Court turns to Mr. McKee's claims and the

5    filing of the complaint in this matter.  The infraction at issue is dated January 22, 2009.  ECF No.

6    35-, Exhibit 2 (Declaration of Ruth Clemens), ¶ 4, Attachment A (General Infraction Report).

7    The infraction hearing was held on January 24, 2009.  *Id.*; Attachment B (Hearing

8    Memorandum).   Mr. McKee appealed and the appeal was affirmed on February 5, 2009.  ECF

9    No. 37, Exh. 1 (Jennings Decl.), Attachment A.   Mr. McKee signed his civil rights complaint in

10   this action on February 7, 2012.  ECF No. 1.

11          Based on the foregoing, Mr. McKee knew or should have known of the basis of his claim

12   of retaliation when the infraction was issued on January 22, 2009.  The statute of limitations on

13   that claim expired on January 22, 2012.  Mr. McKee knew or should have known of the basis of

14   his claim of the lack of due process on January 24, 2009, when the infraction hearing was held.

15   Assuming that the matter was tolled until his appeal was affirmed on February 5, 2009, the

16   statute of limitations on that claim expired on February 5, 2012.

17          Mr. McKee filed his lawsuit on these claims on February 7, 2012.  Therefore, his claims

18   regarding the McCandless infraction are barred by the expiration of the statute of limitations and

19   the undersigned recommends that they should be dismissed.

20   **C.     28 U.S.C. § 1915(G)**

21          Defendants contend that Plaintiff filed this action knowing that he had already litigated

22   and settled many of these same claims just six months ago and in addition, purposely attempted

23   to avoid the statute of limitations by omitting the date of the McCandless grievance.  Defendants

24

argue that Mr. McKee has abused the judicial system and that the dismissal of his complaint merits a "strike" under 28 U.S.C. § 1915(g).

The "strike" provision of the PLRA, 28 U.S.C. § 1915(g), provides courts with the means "to deter frivolous prisoner litigation." *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002). Congress outlined three situations in which an inmate may receive a "strike." *Smith v. Duke*, 296 F. Supp. 2d 965, 967 (E.D. Ark. 2003). Courts have read related situations into § 1915(g) when a claim is baseless, without merit, or an abuse of the judicial process. While these situations are not literally within § 1915(g), they are clearly associated with actions that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *Id.*

Mr. McKee filed the complaint in this case a mere six months after receiving consideration and reaching a full a complete settlement of the majority of his claims. His attempt to relitigate claims from which he had already knowingly released State "officers, agents, employees, agencies, and departments" from liability is, at the very least, frivolous and a blatant abuse of the judicial system. Mr. McKee also included the McCandless claims but omitted any allegations as to the dates of the infraction, infraction hearing, or appeal. In light of this Court's finding that his claims are barred by the three year statute of limitations, his failure to include these dates is, at best, suspicious.

Under these circumstances, the undersigned finds that this action is frivolous and recommends that imposition of a § 1915(g) "strike" is appropriate.

## CONCLUSION

Defendants have met their burden of demonstrating that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Accordingly, the undersigned recommends that the Court **GRANT** Defendants' motion for summary judgment. ECF No. 35.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2    **fourteen (14)** days from service of this Report and Recommendation to file written objections

3    thereto. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

4    objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the

5    time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration

6    on **August 31, 2012**, as noted in the caption.

7

8    **Dated** this  10th day of August, 2012.

9

10

11   Karen L. Strombom
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 14