UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY R. MCKEE, | CASE NO. 12-5125 RJB/KLS |
| Plaintiff, | ORDER DENYING MOTION TO CONTINUE AND ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| ROB MCKENNA, et. al., | |
| Defendants. | |

This matter comes before the Court on the Plaintiff's motion for a continuance and/or 60 day stay (Dkt. 43) and the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom (Dkt. 42). The Court has considered the pleadings filed regarding the motion and Report and Recommendation, and the remaining file.

## I.   FACTS

Plaintiff, a *pro se* prisoner, filed this case, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights and asserting other state law claims. Dkt. 1. On August 10, 2012, the Report and Recommendation was filed, and was noted for consideration on August 31, 2012. Dkt. 42. The facts and procedural history are contained in the Report and

1   Recommendation (Dkt. 42, at 1-6) and are adopted here.  The Report and Recommendation

2   recommends granting the Defendants' motion to summarily dismiss Plaintiff's case.  Dkt. 42.  It

3   notes that all but one of Plaintiff's claims is subject to a release of liability signed by Plaintiff

4   and his lawyer in *McKee v. Taylor*, Western District of Washington case number 09-5207

5   RJB/JRC.  *Id.*  The Report and Recommendation points out that Plaintiff's remaining claim is

6   barred by the statute of limitations.  *Id.*  It further recommends that this case be counted as a

7   strike against Plaintiff pursuant to 28 U.S.C. § 1915(G).  *Id.*

8       On August 30, 2012, Plaintiff filed a motion to grant a continuance and/or 60 day stay of

9   the case, seeking more time to file objections to the Report and Recommendation.  Dkt. 43.  On

10   September 5, 2012, the Report and Recommendation was renoted for September 14, 2012, so

11   that it could be considered with the motion to grant a continuance and/or 60 day stay.  Dkt. 44.

12       It appears from the pleading, that Plaintiff's motion for a continuance and/or a 60 day

13   stay was filed in approximately ten cases.  Dkt. 43.  Although some of the information in the

14   motion does not appear to apply to this case, Plaintiff states that on August 21, 2012, his cell was

15   searched and his legal files were confiscated.  Dkt. 43, at 8.  He states that he "filed an

16   emergency grievance to obtain the motion/objection in *McKee v. McKenna* co-12-5125

17   RJB/KLS that [he] was to send out that evening."  *Id.*  Plaintiff states that on August 22, 2012, a

18   "DOC employee" searched his legal files outside his presence and he was then placed in

19   segregation.  *Id.*  He states that his "motion to continue objection" in this case was "confiscated."

20   *Id.*  In his Reply, which was also filed in many other cases, he discusses facts apparently

21   irrelevant to this case.  Dkt. 46.  He does then go on to generally discuss the limited access he

22   has to his legal files, legal materials, and supplies because of his current stay in segregation.

23   Dkt. 46.  Plaintiff states that he has had access to his legal files, acknowledging that on

24

1  September 10, 2012, for example, he got to go through some of his legal boxes. *Id.* at 11. He
2  asserts that he could not find his objections to the Report and Recommendation in this case, so
3  wants a 60 day stay. *Id.*

4  Defendants oppose the motion for a continuance and/or 60 day stay, pointing out that the
5  Court has already granted Plaintiff a two week extension when it renoted the Report and
6  Recommendation. Dkt. 45. Defendants note that Plaintiff has had access to his legal files every
7  day after August 22, 2012. *Id.* Defendants argue that the Report and Recommendation should
8  be adopted. *Id.*

## II.     DISCUSSION

10  Pursuant to Fed. R. Civ. P. 16, "a case schedule may be modified only for good cause and
11  with the judge's consent."

12  Plaintiff's motion for a continuance and/or 60 day stay (Dkt. 43) should be denied.
13  Plaintiff has failed to show good cause for a continuance or a stay.

14  Further, the Report and Recommendation (Dkt. 42) should be adopted. The Report and
15  Recommendation was originally filed on August 10, 2012. Dkt. 42. Pursuant to 28 U.S.C. §
16  636(b)(1) and Fed. R. Civ. P. 72(b), the parties had fourteen days to file objections. The Report
17  and Recommendation was noted on this Court's calendar for August 31, 2012, and so gave the
18  parties a little extra time. Dkt. 42. After Plaintiff filed his motion for a continuance (Dkt. 43),
19  the Report and Recommendation (Dkt. 42) was renoted for September 14, 2012. All told,
20  Plaintiff was given over a month to file objections. As of the date of this Order, September 18,
21  2012, Plaintiff has failed to file objections to the Report and Recommendation, despite having
22  over a month to do so. He has failed to show that the Report and Recommendation should not be
23  adopted.

24

### III. ORDER

It is **ORDERED**:

- Plaintiff's motion for a continuance and/or 60 day stay (Dkt. 43) **IS DENIED**;

- The Report and Recommendation (Dkt. 42) **IS ADOPTED**;

- Defendants' Motion for Summary Judgment and Request for a Finding of Frivolous Action under Prison Litigation Reform Act 28 U.S.C. § 1915(g) (Dkt. 35) is **GRANTED;**

- Plaintiff's case is **DISMISSED WITH PREJUDICE**; and

- This dismissal counts as a **STRIKE** pursuant to 28 U.S.C. § 1915(g).

The Clerk is directed to send uncertified copies of this Order to Judge Strombom, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of September, 2012.

*[signature]*

ROBERT J. BRYAN
United States District Judge